### McNULTY BROS. v. OFFERMAN et al.

(Supreme Court, Appellate Division, Second Department.  October 16, 1914.)

MECHANICS' LIENS (§ 63*)—CONSENT OF OWNER—NECESSITY.

> Where the lessor of a building refused in writing to bear any of the expense for electric wiring in making changes in the building, but the lessee for his own purposes contracted for electric brackets or outlets under a balcony, which, however, formed no part of the balcony, to the construction of which the lessor had consented, no lien for such brackets could be enforced against the lessor.
>
> [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 80; Dec. Dig. § 63.*]

Appeal from Special Term, Kings County.

Action to enforce mechanics' liens by McNulty Bros. against Carsten Henry Offerman and others.  From the judgment, and from two orders granting the lienors taxable costs, but refusing an additional allowance, the defendants Carsten Henry Offerman and others, and Cross, Austin & Ireland Lumber Company and others, bring cross-appeals.  Modified and affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

William H. Hamilton, of New York City (Norman C. Conklin, of New York City, on the brief), for appellants Offerman and others.

Robert H. Wilson, of Brooklyn (Loren E. Harter, of Brooklyn, on the brief), for appellants Cross, Austin & Ireland Lumber Co. and another.

John H. Taylor, of New York City, for respondent George Weiderman Electric Co.

PER CURIAM.  On this third appeal (see 141 App. Div. 730, 126 N. Y. Supp. 755; 152 App. Div. 181, 137 N. Y. Supp. 27), the record on examination shows that the decree in favor of the two lienors, Cross, Austin & Ireland Lumber Company and Robert T. McMurray & Bro., is well supported and justified by the evidence.  Although each lienor has taken a cross-appeal, we are satisfied of the correctness of the several deductions made at the Special Term.

The allowance, however, to the George Weiderman Electric Company, should be modified.  After the written refusal of Mr. Offerman to bear any of the expense for electric wiring, the lessee, for his own purposes, contracted for 99 brackets or outlets under the new steel

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

balcony. There was no authority or consent by the owners for this outlay. Nor may the charge be sustained as implied in the construction of the balcony. itself, of which it forms no part. The item of $875 must therefore be stricken out, reducing this lienor's recovery to $1,123.16.

We find no ground to require the allowance of interest or to interfere with the discretion exercised in granting costs to the lienors.

The judgment appealed from is therefore modified, by reducing the recovery of the George Weiderman Electric Company to $1,123.16, as of the date of the Special Term decree, and otherwise the amounts found are confirmed. As so modified, the judgment is affirmed, without costs of this appeal.